UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN STROSS,

        Plaintiff,

    v.

THE GABLES CONDOMINIUM ASSOCIATION,

        Defendant.

CASE NO. C09-830JLR

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND TEMPORARY RESTRAINING ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiff Susan Stross's motion for temporary restraining order (Dkt. # 2). The court has reviewed the complaint, the motion and accompanying papers, and the remainder of the record, and has heard the argument of counsel at the June 18, 2009 hearing on the motion for temporary restraining order. As outlined below in the court's findings of fact and conclusions of law, the court GRANTS Ms. Stross's motion for a temporary restraining order on the terms described in Part IV and orders that the parties appear on <u>Wednesday, July 1, 2009, at 9:30 a.m.</u> for a hearing on Ms. Stross's motion for preliminary injunction.

ORDER – 1

## II. FINDINGS OF FACT

1. Ms. Stross is resident of Defendant The Gables Condominium Association ("The Gables") in Seattle, Washington. She owns a condominium unit in The Gables. (Compl. (Dkt. # 1) ¶ 1; Declaration of Susan Stross ("S. Stross Decl.") (Dkt. # 2-3) ¶¶ 2-3.)

2. Ms. Stross has progressive multiple sclerosis. (Compl. ¶ 5; S. Stross Decl. ¶ 1.) She is mentally competent; however, she has no use of her legs or right arm and she has only limited and sporadic use of her left arm. (Compl. ¶ 5; Declaration of Peter Stross ("P. Stross Decl.") (Dkt. # 2-3) ¶ 3; S. Stross Decl. ¶¶ 7-8.) Ms. Stross uses an electric wheelchair. (S. Stross Decl. ¶ 1.)

3. Ms. Stross requires physical assistance on a daily basis. (Compl. ¶¶ 6, 11.) She employs six aides to assist her with daily functions, including getting out of bed, bathing, dressing, and eating. (Compl. ¶ 8; S. Stross. Decl. ¶ 9.) Ms. Stross's aides work on a part-time schedule on varying days. (S. Stross. Decl. ¶ 9.)

4. Ms. Stross also has four emergency responders who are available to provide emergency assistance during the night. (Compl. ¶ 11.) Her emergency responders include her sister, mother, father, and brother-in-law. (*Id.*)

5. The Gables is a 12-unit condominium building governed by a board of directors ("Board"). (Compl. ¶ 7.) Ms. Stross has owned a condominium unit at The Gables for 20 years. (Compl. ¶ 8.)

6. For 16 years, Ms. Stross has had a sufficient number of keys to the exterior door to The Gables and to her condominium unit door so as to provide keys to each of her aides, her emergency responders, and herself. (Compl. ¶ 9.)

7.  On April 7, 2009, the Board decided to change the locks on the front door of The Gables. (Compl. ¶ 13.) The Board informed owners that they would be given only four keys each. (*Id.*)

8.  On April 27, 2009, Ms. Stross requested that she be provided 12 keys as a reasonable accommodation under the Federal Fair Housing Act. (*Id.*)

9.  On May 20, 2009, Ms. Stross attended a meeting with the Board. (Compl. ¶ 20.) At the meeting, she agreed "to install a key box on the front gate of The Gables so that her helpers would use one communal key between them to access the building." (Compl. ¶ 21.) Ms. Stross also agreed to provide a list of her aides and to provide her aides with additional instructions regarding loitering, not banging the dumpster lid, etc. (Compl. ¶ 22.) Ms. Stross made these agreements as a gesture of good will.

10. On May 30, 2009, the Board provided Ms. Stross's father, Peter Stross, with proposed documents to sign regarding Ms. Stross's aides. (Compl. ¶ 24; P. Stross Decl. ¶ 16 & Exs. B and C.) The first document is titled "Agreement between the Gables Homeowner Association and Stross family regarding caregivers for Susan Stross" ("Agreement") and the second is titled "Instructions for Caregivers for unit #202 in The Gables Condominiums" ("Instructions"). The Agreement required the signatures of Ms. Stross, Peter Stross, Fay Stross (mother), and Cynthia Stross (sister). (P. Stross Decl., Ex. C.) Mr. Stross refused to sign the documents. (Compl. ¶ 26.)

11. On June 10, 2009, the Board notified Ms. Stross that the locks would be changed on June 19, 2009. (Compl. ¶ 27.) The Board further stated that Ms. Stross would not be allowed to install the key box or have 12 keys unless her family signed the Agreement and the Instructions. (*Id.*) Ms. Stross subsequently filed the instant

action and motion for temporary restraining order. She seeks an injunction "to prevent the re-keying absent the provision of an adequate number of keys to ensure access for Ms. Stross'[s] helpers and emergency responders." (Compl. ¶ 28.)

## III. CONCLUSIONS OF LAW

12. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Ms. Stross brings suit pursuant to Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 *et seq.* ("Fair Housing Act").

13. In order to obtain a temporary restraining order, a plaintiff must meet the standards for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that preliminary injunction and temporary restraining order standards are "substantially identical").

14. In order to obtain a preliminary injunction, Plaintiffs must meet either the Ninth Circuit's "traditional" or "alternative" test. The traditional test requires the court to find that:

> (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief.

*Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987); *see also Winter v. Natural Res. Def. Council, Inc.*, __ U.S. __, 129 S. Ct. 365, 375-76 (2008).

15. The alternative test requires the court to find: "(1) a combination of probable success and the [likelihood] of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (citations omitted) (modified from

"possibility" to "likelihood" in light of the Supreme Court's decision in *Winter*, 129 S. Ct. at 375-76[1]); *see Cassim*, 824 F.2d at 795 (citations omitted).

16. The two prongs of the alternative test are not separate inquiries, but rather "extremes on a single continuum." *Lands Council*, 537 F.3d at 987; *see Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003). A strong showing of hardship means that a plaintiff need not show as strong a likelihood of success, and vice versa. *See Clear Channel*, 340 F.3d at 813.

17. The court's ultimate decision on a motion for preliminary injunction is within its discretion. *Cassim*, 824 F.2d at 796.

18. Under Fed. R. Civ. P. 65(b), an ex parte temporary restraining order can issue only if:

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and
>
> (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

19. Ms. Stross caused copies of the complaint, the motion for temporary restraining order and accompanying papers, and this court's order setting hearing on the motion to be delivered to counsel for The Gables on June 17, 2009, prior to the June 18, 2009 hearing on the motion. (Affidavit of Service (Dkt. # 4) at 2.) Additionally, Ms. Stross advised the Board and counsel for The Gables of her

---

[1] In *Winter*, the Supreme Court clarified that where a plaintiff has established probable success on the merits, a mere "possibility" of irreparable injury is insufficient; rather, the plaintiff must demonstrate that irreparable injury is "likely." *Winter*, 129 S. Ct. at 375-76; *see Save Strawberry Canyon v. Dep't of Energy*, __ F. Supp. 2d. __, No. C 08-03494 WHA, 2009 WL 723836, at *2 (N.D. Cal. March 18, 2009).

ORDER – 5

intent to seek a temporary restraining order prior to filing the complaint and motion. (Declaration of Cynthia Stross ("C. Stross Decl.") (Dkt. # 2-5) ¶¶ 7-9.)

20. The court heard from counsel for Ms. Stross and counsel for The Gables at the June 18, 2009 hearing.

21. <u>Irreparable Harm</u>: The court concludes that it is likely that Ms. Stross will suffer immediate and irreparable harm if The Gables changes the locks without providing Ms. Stross with either 12 keys or a key box for her aides and emergency responders. Ms. Stross contends that (1) she is entirely dependant on the physical assistance provided by her aides and emergency responders; (2) she will suffer harm if deprived of the ability to live in her home, which is customized for her use; and (3) she will suffer unquantifiable harm if unable to use and enjoy the dwelling that allows her a measure of independence in life. (Mot. (Dkt. # 2) at 10-11.) On the present record, Ms. Stross has established a strong likelihood that she would not be able to continue living in her condominium unit without a viable means for her aides and emergency responders to access her unit. Forcing Ms. Stross from her condominium unit–her home for the last 20 years–is the type of harm that cannot be remedied by an award of damages. Moreover, the court emphasizes that this is the type of serious harm that strikes directly at Ms. Stross's core dignitary interests.

22. <u>Success on the Merits</u>: Ms. Stross has established a strong likelihood of success on the merits of her reasonable accommodation claim under the Fair Housing Act. To be entitled to a reasonable accommodation under 42 U.S.C. § 3604(f)(3)(B), a plaintiff must show that: (1) plaintiff suffers from a handicap as defined in 42 U.S.C. § 3602(h); (2) defendant knew of plaintiff's handicap or should reasonably be expected to know of it; (3) accommodations of the handicap 'may be necessary'

ORDER – 6

to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendant refused to make such accommodation. *United States v. Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997). The reasonable accommodation inquiry is highly fact-specific and requires a case-by-case determination. *Id.* at 1480; *see generally Thompson v. Westboro Condominium Ass'n*, No. C05-1893JLR, 2006 WL 2473464, at * 2-5 (W.D. Wash. Aug. 25, 2006).

23. On the face of her complaint, Ms. Stross has alleged a prima facie case under 42 U.S.C. § 3604(f)(3)(B). First, Ms. Stross suffers from a handicap within the scope of 42 U.S.C. § 3602(h).[2] Second, The Gables knew or should have known of Ms. Stross's handicap. Third, an accommodation of Ms. Stross's handicap appears necessary to afford her an equal opportunity to use the dwelling. Due to her physical limitations, Ms. Stross cannot open the building doors herself or operate the system to remotely open the front door for her aides or emergency responders. In turn, without her aides, Ms. Stross cannot live in her unit because she cannot perform basic daily tasks without significant assistance. The proposed accommodations appear reasonable. This impression is reinforced by Ms. Stross's apparent willingness to pay for the key box, the fact that she has employed multiple aides for many years while living at The Gables, and the fact that The Gables has already indicated a general willingness to allow the key box, subject to certain restrictions. Fourth, The Gables has refused to make an accommodation.

---

[2] 42 U.S.C. § 3602(h) defines the term "handicap" to mean, with respect to a person, "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment." On the present record, it appears that Ms. Stross's major life activities are substantially limited by a physical impairment, *i.e.*, multiple sclerosis. (S. Stross. Decl. ¶ 7.)

ORDER – 7

24. <u>Balance of Hardships</u>: The court finds that The Gables will suffer little or no harm if enjoined from changing the locks and not providing Ms. Stross with 12 keys or a key box. At the hearing, The Gables raised concerns regarding the safety of all condominium owners. On the present record, however, there is little evidence to suggest that Ms. Stross's aides or emergency responders have contributed to security concerns. By contrast, as discussed above, Ms. Stross will likely suffer immediate and irreparable harm if not provided with 12 keys or a key-box. The balance of hardships therefore tips sharply in favor of Ms. Stross.

25. The court concludes that Ms. Stross has met her burden under Federal Rule of Civil Procedure 65 for issuance of a temporary restraining order. The court therefore issues a temporary restraining order on the terms discussed below.

## IV. TEMPORARY RESTRAINING ORDER

Defendant The Gables, its representatives and agents, including the Board, are enjoined as follows:

1. The Gables shall not change the exterior locks of the condominium building before noon on Thursday, June 25, 2009.

2. At Ms. Stross's discretion, if The Gables changes the locks of the building, The Gables shall either (a) provide Ms. Stross with 12 keys to the building for use by her aides and emergency responders; or (b) allow Ms. Stross to install a key box for use by her aides and emergency responders.

3. The Gables shall provide new keys to Ms. Stross in a timely manner.

4. Ms. Stross need not sign any agreement as a pre-condition to the above-described relief.

ORDER – 8

1    Ms. Stross shall deposit $1,000 cash in the court's registry as bond for this
temporary restraining order. This order shall not take effect until Ms. Stross files the
deposit.

The court sets a hearing on preliminary injunction for <u>Wednesday, July 1, 2009, at 9:30 a.m.</u> The court converts Ms. Stross's motion for temporary restraining order (Dkt. # 2) into a motion for preliminary injunction. This temporary restraining order shall continue in effect until the court issues an order on Ms. Stross's motion for a preliminary injunction. The Gables shall file a response to the motion for preliminary injunction by Tuesday, June 23, 2009. Ms. Stross shall file a reply by noon on Tuesday, June 30, 2009.

Dated this 18th day of June, 2009, at 6:30 p.m.

JAMES L. ROBART
United States District Judge